# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No.  14-35038 |
| GLEASON WOODWORK, INC. | ) | |
| | ) | Hon. Janet S. Baer |
| Debtor. | ) | |
| | ) | **Hearing: Feb. 17, 2015 at 9:30 a.m.** |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on February 17, 2015, at 9:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Janet S. Baer or any other judge sitting in her stead in Room 615 of the United States Bankruptcy Court for the Northern District of Illinois, located at 219 South Dearborn Street, Chicago, Illinois, and then and there present the attached **Final Fee Application of Kaufman-Worthen, LLC, as Appraiser for the Trustee, for Payment of Compensation for Services Rendered and for Reimbursement of Expenses Incurred for the Period From October 13, 2014 Through January 21, 2015**, at which time and place you may appear if you see fit.

                                    RONALD R. PETERSON, not individually but as
                                    chapter 7 Trustee for the bankruptcy estate of
                                    Gleason Woodwork, Inc.


                                    By:     /s/     *Ronald R. Peterson*
                                            Ronald R. Peterson

Ronald R. Peterson (2188473)
Landon S. Raiford (6297473)
JENNER & BLOCK, LLP
353 N. Clark Street
Chicago, Illinois  60654
PH:     312/222-9350
FAX:    312/527-0484


Dated: January 23, 2015

# **CERTIFICATE OF SERVICE**

I, Ronald R. Peterson, an attorney, hereby certify that on January 23, 2015, a copy of the **Final Fee Application of Kaufman-Worthen, LLC, as Appraiser for the Trustee, for Payment of Compensation for Services Rendered and for Reimbursement of Expenses Incurred for the Period From October 13, 2014 Through January 21, 2015** was served electronically by the Court's ECF filing system or by U.S. Mail to the parties as indicated on the attached service list.

```
                              /s/ Ronald R. Peterson
                              Ronald R. Peterson
```

## SERVICE LIST

<u>SERVED BY ECF</u>

- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Ronald Peterson    rpeterson@jenner.com, lraiford@jenner.com
- Ronald R Peterson    rpeterson@jenner.com, rpeterson@ecf.epiqsystems.com;docketing@jenner.com
- Daniel J Winter    djw@dwinterlaw.com, djwlaw@gmail.com,r.m.engelmann@gmail.com,lgdanwinter@gmail.com,kasiadanwinter@gmail.com

<u>SERVED BY FIRST CLASS U.S. MAIL</u>

| | |
|---|---|
| Aetna Plywood, Inc<br>Kluever & Platt, LLC<br>65 E. Wacker Place, Ste. 2300<br>Chicago, IL 60601 | Chicago Regional Council of Carpenters<br>c/o Bruce C. Scalambrino<br>Scalambrino & Arnoff, LLP<br>One North LaSalle Street, Suite 1600<br>Chicago, Illinois 60602 |
| Illinois Department of Employment Security<br>33 South State Street 10th flr.<br>Chicago, Illinois 60603 | Illinois Department of Revenue<br>Bankruptcy Section<br>P.O. Box 64338<br>Chicago, Illinois 60664-0338 |
| Internal Revenue Service<br>Central Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | R.S Bacon Veneer<br>770 Front Street<br>Lisle, IL 60532 |

2332273.1

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No.  14-35038 |
| GLEASON WOODWORK, INC. | ) | |
| | ) | Hon. Janet S. Baer |
| Debtor. | ) | |
| | ) | |
| | ) | **Hearing: Feb. 17, 2015 at 9:30 a.m.** |

**FINAL FEE APPLICATION OF
KAUFMAN-WORTHEN, LLC, AS APPRAISER FOR THE TRUSTEE,
FOR PAYMENT OF COMPENSATION FOR SERVICES RENDERED
AND FOR REIMBURSEMENT OF EXPENSES INCURRED
FOR THE PERIOD FROM OCTOBER 13, 2014, THROUGH JANUARY 21, 2015**

Kaufman-Worthen, LLC ("KW"), appraiser to Ronald R. Peterson, the chapter 7 trustee (the "Trustee") for the estate of Gleason Woodwork, Inc. (the "Debtor"), hereby submits, pursuant to 11 U.S.C. §§ 327, and 330 and the Order granting the Trustee's Motion to Employ Kaufman-Worthen, LLC as Appraiser (Dkt. 19) (the "Retention Order"), this final fee application (the "Application") for (a) final approval and allowance of compensation in the amount of $9,361.05 for the reasonable and necessary services rendered to the Trustee for the period from October 13, 2014 through January 21, 2015 (the "Compensation Period"), and (b) final approval and allowance of actual, reasonable and necessary expenses in the amount of $550.20 incurred during the Compensation Period.  In further support of this Application, KW respectfully states as follows:

**INTRODUCTION**

1.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (B).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 327, 328, and 330 of Title 11 of the United States Code (11 U.S.C. §§ 101-1532, the "Bankruptcy Code"), as supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 promulgated by the United States Department of Justice, dated on January 30, 1996 (collectively, the "Guidelines"), and the Retention Order.

## BACKGROUND

3. On September 26, 2014, the Debtor commenced this chapter 7 bankruptcy case. Ron Peterson was subsequently appointed chapter 7 case Trustee of the Debtor's estate and, thereafter, became permanent trustee.

4. On September 20, 2014, the Trustee filed a motion seeking authorization to retain KW as his appraiser in connection with the eventual sale of substantially all of the Debtor's property. (Dkt. 14). On November 6, 2014, the Court entered an order approving the Trustee's retention of KW.

5. KW has not filed any previous fee applications in this case.

## PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

6. KW submits this Application seeking final approval and allowance of compensation in the amount of $9,361.05 and of actual and necessary expenses in the amount of $550.20 incurred during the Compensation Period.

7. As shown in KW's invoice, attached hereto as Exhibit A, during the Compensation Period, KW prepared a valuation of all of the Debtor's business equipment, which included a personal inspection of the equipment as well as research regarding the market for similar types of equipment.

After this valuation was concluded, KW prepared a detailed appraisal report for the Trustee. The Trustee used that appraisal to evaluate the various offers the Trustee received from third parties seeking to buy the Debtor's assets. KW further met with and analyzed the various competing bids and assisted the Trustee's in his analysis of the relative strengths and weaknesses of those bids. In addition, KW assisted the Trustee in resolving a dispute with a creditor who claimed that the equipment being sold actually belonged to the creditor and who had raised questions regarding the value the Trustee was receiving for the sale of the Debtor's equipment. The Court has approved the sale of substantially all of the Debtor's assets for $75,000. (Dkt. 34).

8.   The fees sought by KW were calculated at Richard Worthen's standard hourly rate of $255.00. KW also has voluntarily reduced the amount of fees it seeks by $495.98. KW's fees are reasonable based on the customary compensation charged by comparably skilled appraisers in comparable non-bankruptcy cases in a competitive national legal market. The amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

9.   During the Compensation Period, KW also incurred $550.20 in expenses. The majority of these expenses are in the form of travel expenses to and from the Debtor's principle place of business to either conduct KW's appraisal or to meet with potential purchasers of the Debtor's property. The other significant source of expense was in connection with preparing a photographic record of all of the Debtor's equipment. This became particularly valuable in late October 2014, when the Trustee became aware that some of the Debtor's property had been removed from the premises during a period of construction work occurring on the premises.

3

10. All of the services for which final compensation is sought were rendered to the Trustee solely in connection with this case, in furtherance of the duties and functions of the Trustee and not on behalf of any individual creditor or other person.

11. KW has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

12. KW has not shared, or agreed to share, (a) any compensation it has received or may receive with another party or person, other than with the members of KW or (b) any compensation another person or party has received or may receive. No promises have been received by KW or any member thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

13. The foregoing professional services rendered during the Compensation Period were necessary and appropriate to the administration of the chapter 7 case and were in the best interests of the parties in interest.

## **NOTICE**

14. Notice of this Application has been given to all parties who have requested notice and all creditors who have filed proofs of claim.

**CONCLUSION**

WHEREFORE, KW respectfully requests: (i) allowance and payment of compensation for professional services rendered during the Compensation Period in the amount of $9,361.05; (ii) reimbursement for actual and necessary expenses Jenner incurred during the Compensation Period in the amount of $550.20; and (iii) that the Court grant KW such other and further relief as is just.

By: /s/ *Richard Worthern*
Richard Worthern

Kaufman-Worthern, LLC
P.O. Box 123
Lake Bluff, IL 60044

Dated: January 23, 2015